IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:07MJ51-CSC |
| | ) | |
| KEVIN EARL JACKSON | ) | |

**<u>ORDER</u>**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on May 16, 2007. The evidence establishes probable cause to believe the defendant has committed a violation of 21 U.S.C. § 841(a)(1). For the following facts and reasons, the court concludes that the defendant should be detained pending trial in this case.

As explained below there is a serious risk that the defendant will endanger the safety of another person or the community through his continued distribution of illegal drugs.

I find that the credible testimony and information including the Pretrial Services Report submitted at the hearing establishes by clear and convincing that the defendant has a prior drug conviction for conspiracy to possess with intent to distribute drugs in violation of 21 U.S.C. § 846 and § 841(a)(1) for which he was sentenced to serve a term of imprisonment of 54 months.[1] He successfully completed five years of supervised

---

[1] The presentence report in that case described him as having a minor role in the large conspiracy.

release.² The defendant was arrested on May 10, 2007, while traveling from the Atlanta area southbound on Interstate 85, a known drug trafficking corridor. He had a kilogram of cocaine in his possession. A subsequent search of the defendant's residence disclosed evidence of large amounts of cash³ and recent cash transactions including the cash purchase of jewelry, furniture, an all terrain vehicle as well as rims for a truck. These cash transactions amount to approximately $30,000.00.⁴ The defendant and his wife both have jobs, but their gross income is wholly inconsistent with this degree financial ability. The evidence about the May 10, 2007, stop and large amount of unexplained cash is strong evidence that the defendant is continuing to distribute illegal drugs.

In addition, there are other factors which further persuade the court that the defendant should be detained: The defendant has no ties to the Middle District of Alabama. Because of his prior drug conviction he faces substantial punishment including a minimum mandatory term of imprisonment of 10 years to not more than life imprisonment. 21 U.S.C. § 841(a)(1)(B). Finally, pursuant to 18 U.S.C. § 3142(e), a rebuttable presumption exists that the defendant should be detained. The defendant did not rebut the presumption that he is a danger for his continued drug distribution activities.

---

²Interestingly, the defendant was arrested in 2001 for unlawful distribution but the case was nol prosed after the evidence was suppressed. The government did not present any evidence about why no revocation proceedings on his supervised release were instituted.

³$15,000.00.

⁴The testimony was that the jewelry receipts were in the amount of ten to twenty thousand dollars. The court has chosen the lesser amount to add into the total amount.

Based on the foregoing, the court concludes that there are no conditions or combination of conditions which will protect the community and that the defendant should be detained. In reaching this conclusion, the court has carefully considered as required by 18 U.S.C. § 3142(g) the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant as set forth in the Pretrial Services Report as well as the evidence adduced at the hearing and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Done this 16th day of May, 2007.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

.